## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALBERTO HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIV-06-141-R** |
| | ) | |
| **MIKE ADDISON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>O R D E R</u>

Before the Court are the Report and Recommendation [Doc. No. 16] of United States Magistrate Judge Doyle W. Argo entered July 31, 2006 and Petitioner's Objection to the Report and Recommendation filed August 23, 2006.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

First, Petitioner objects to the Magistrate Judge's summary of facts relevant to his conclusion that Petitioner was not illegally arrested.  In particular, he contends that the Magistrate Judge's finding that it was Petitioner and Ms. Jody Pedroso who made contact with Edmond Police Officers James Hamm and Joseph Story, citing the Report and Recommendation at pp. 10 & 15, is not supported by the record and that the Magistrate's finding that Petitioner voluntarily gave officers permission to search Ms. Pedroso's home, citing the Report and Recommendation at p. 13, is not supported by the record.  Petitioner maintains that the investigation of a crime began the moment Ms. Pedroso flagged down police and that from the moment the EMSA paramedic reported her suspicion of shaken baby

syndrome to police officers, Petitioner was the prime suspect and that the resulting detention of him was an arrest.  Petitioner also argues that a permissible investigatory stop or detention is brief or momentary and that Petitioner's 7-hour confinement in the back of a police cruiser thus could not have been an investigatory detention but was an arrest.  He further asserts that the Magistrate's conclusion that this 7-hour confinement was necessary to transfer custody of Petitioner to the Oklahoma City Police Department, citing the Report and Recommendation at p. 15, "defies logic."  Moreover, he states that no one has previously asserted that Petitioner's confinement was necessary for such transfer of custody.

The Magistrate Judge specifically stated that Officer Hamm initially made contact with Petitioner and Ms. Pedroso "when a pickup driven by Petitioner pulled up on his driver's side" and "Jody leaned out the window, with Logan in her arms, and asked directions to the hospital."  Report and Recommendation at p. 10, citing Tr. Vol. III, p. 616, 1. 8-20.  The Magistrate Judge's statement at page 15 of his Report and Recommendation that "the encounter with the Edmond police began as a consensual one when Petitioner and Jody flagged down Officer Hamm," Report and Recommendation at p. 15, is legally correct and supported by the record.  His statement that "Petitioner and Jody flagged down" the officer is merely a shorthand way of saying what he previously stated, with more precision, had occurred.  *See* Report and Recommendation at p. 10.  Moreover, the record fully supports the Magistrate Judge's statement that Petitioner signed a voluntary search waiver to search the home he shared with Jody and Logan, Report and Recommendation at p. 13.  See Tr. Vol. III, 706.

In his objection to the Magistrate Judge's conclusion that what began as a consensual encounter "arguably" became an investigatory detention once the paramedic told Officer Story that the child had a closed-head injury and that the officer should "hold on to the parents and figure out what happened," Report and Recommendation at p. 15, Petitioner ignores the fact that a stop or investigatory detention of a person based upon reasonable suspicion which is sufficiently limited in scope and duration to what is necessary to effectuate the purpose of the stop or investigatory detention is reasonable and permissible under the Fourth Amendment. *See United States v. Montoya de Hernandez*, 473 U.S. 531, 542-44, 105 S.Ct. 3304, 87 L.Ed.2d 381, 392-93 (1985); *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229, 238 (1983); *United States v. Williams*, 7 Fed. Appx. 876, 881-85 (10th Cir. April 11, 2001) (Nos. 00-4039 & 00-4040), *cert. denied*, 534 U.S. 1071, 122 S.Ct. 677, 151 L.Ed.2d 589 (2001).  An investigatory detention for the period of time necessary to either verify or dispel a reasonable suspicion that a person has engaged in criminal conduct is not unreasonable. *United States v. Montoya de Hernandez*, 473 U.S. at 544, 105 S.Ct. at __, 87 L.Ed.2d at 393.  Moreover, information or factors coming to police officers' attention during an investigatory stop or detention may justify continued detention and further or expanded investigation. *See United States v. Williams*, 7 Fed. Appx. at 881-85.  Petitioner's complaint that a 7-hour detention was unnecessary to transfer custody of him to the Oklahoma City Police Department is unfounded.  The detention of Petitioner was warranted by the investigatory purpose of ascertaining Logan's injuries and the cause of her injuries and the need to transfer *jurisdiction* to the Oklahoma City Police Department.  *See*

Report and Recommendation at pp. 15 & 17-18.  Finally, Petitioner's objection ignores the alternative conclusions of the Magistrate Judge: 1) that even if Petitioner was arrested at some point after Detective Whitebird's arrival and prior to Petitioner being advised of his *Miranda* rights, Petitioner was not subject to any custodial interrogation during that time, Report and Recommendation at p. 18; and 2) that even if the investigatory seizure at some point became an arrest and the arrest was not supported by probable cause, the taint caused by an unlawful arrest was purged.  Report and Recommendation at p. 19.

Secondly, Petitioner suggests that it was wrong for the Magistrate Judge to rely solely on the videotaped interrogation of Petitioner as a basis for concluding that Petitioner's waiver of his *Miranda* rights was knowing and voluntary.  Petitioner asserts that there was "no evidence of his educational, emotional, physical, or mental conditions and abilities" upon which the Court could base his conclusion, and Petitioner submits an Educational Information Sheet reflecting the results of TABE test scores for Petitioner's reading, language and math grade equivalents during the period of Petitioner's incarceration. However, the Magistrate Judge applied the correct legal standard in determining whether Petitioner's waiver of his *Miranda* rights was knowing and voluntary.  *See* Report and Recommendation at p. 21.  Contrary to Petitioner's suggestion, whether police coercion existed and Petitioner's will was overborne, the length of the interrogation, the details of it, its continuity, Petitioner's physical condition, Petitioner's  maturity, Petitioner's ability to understand and communicate in English and, to some degree, Petitioner's mental health are assessable from viewing the videotape.  Petitioner's test scores are not properly before this

Court in a review limited to determining whether the Oklahoma Court of Criminal Appeals' adjudication of Petitioner's direct appeal 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

In accordance with the foregoing, Petitioner's Objection to the Report and Recommendation of the Magistrate Judge is without merit; the Report and Recommendation is ADOPTED in its entirety; and the petition of Alberto Hernandez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

**It is so ordered this 28ᵗʰ day of August, 2006.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE